

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| GRETCHEN S. WADDELL,<br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>    Defendant. | §<br>§<br>§<br>§ CIVIL ACTION NO. 5:13-2806-MGL-KDW<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION AND REVERSING AND REMANDING THIS ACTION FOR FURTHER PROCEEDINGS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff is represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that this action be reversed and remanded for further proceedings. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 30, 2014, and Defendant filed her reply on October 17, 2014, informing the Court that she would not be filing any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72  advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Plaintiff's alleged disability commenced in December 2009, and she applied for DIB and SSI in February 2010.  The Administrate Law Judge denied her claim and the Appeals Council declined her request for review–thus making the ALJ's denial of the claim Defendant's final decision for purposes of judicial review.  Plaintiff's purports that she is unable to work because of anxiety, panic attacks, depression, obsessive compulsive disorder, and agoraphobia.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court that this action is **REVERSED** and **REMANDED** for further proceedings as detailed in the Report.

**IT IS SO ORDERED**.

Signed this 20th day of October, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE
